UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JOHONAUAN J. ROBERSON, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:05-cv-330 |
| | ) | *Edgar/Lee* |
| SILVERDALE DETENTION FACILITY | ) | |
| CORRECTION CORPORATION AMERICA; | ) | |
| WARDEN HOBBS; ASST. WARDEN | ) | |
| CORLEW; OFFICER LAVENDER; | ) | |
| C. MILLSAPS; UNIT MANAGER | ) | |
| RODREQUEZ; OFFICER PIER, | ) | |
| | ) | |
|     *Defendants*. | ) | |

**MEMORANDUM**

Johonauan J. Roberson ("Roberson") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983, which the Clerk has filed as of the date the complaint was received. Plaintiff seeks an injunction from any retaliation and damages in the amount of $5,000,000.00 in compensatory damages and $500,000.00 in punitive damages. However, no service shall issue and this complaint will be dismissed for failure to exhaust administrative remedies [Court File Nos. 3 & 4].

**I.    APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application to proceed *in forma pauperis* submitted by Roberson that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Roberson is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since

1

Roberson is an inmate in custody at Northwest Correctional Complex, in Tiptonville, Tennessee, he will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Roberson shall pay the full filing fee of two-hundred and fifty dollars ($250.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Roberson's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

> (a) twenty percent (20%) of the average monthly deposits to Roberson's inmate trust account; or
>
> (b) twenty percent (20%) of the average monthly balance in Roberson's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Roberson's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden of Northwest Correctional Complex, the Custodian of Inmate Trust Fund Accounts at Northwest Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Roberson's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

2

Case 1:05-cv-00330   Document 5   Filed 01/31/06   Page 2 of 7   PageID #: 2

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Roberson's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

## II. SCREENING PURSUANT TO 42 U.S.C. § 1997e

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. *See Davie v. Wingard,* 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

After review of the record and the applicable law, the Court concludes the § 1983 complaint [Court File Nos. 3 & 4] will be **DISMISSED** *sua sponte* without prejudice because it was prematurely filed.

---

[1] **Send remittances to the following address:**

> Clerk, U.S. District Court
> P.O. Box 591
> Chattanooga, TN 37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available state administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Thus, exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). In order to satisfy the requirement of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Shorter v. Campbell*, 2003 WL 463480, *2 (6th Cir. Feb. 20, 2003).

In his form complaint, plaintiff does not provide a statement of his claims; instead, plaintiff directs the Court's attention to see the attached sheets [Court File No. 3]. The Court presumes plaintiff is directing the Court to Court File Number 4, which the Court will also treat as his § 1983 complaint.[2] Plaintiff asserts the defendants were negligent in their official capacity when they

---

[2] Court File Number 3 and Court File Number 4 are being treated as plaintiff's § 1983 complaint.

permitted a federal inmate, Aujoley Moore, to gain access to plaintiff's area and attack plaintiff. Plaintiff also claims his Eighth and Fourteenth Amendment rights were violated. In addition,

plaintiff contends the defendants engaged in official misconduct and official oppression in violation of certain state laws.

In his complaint, plaintiff acknowledges there is a prisoner grievance procedure at the institution where he is currently housed. However, the alleged March 2, 2005, incident occurred at Silverdale, where he no longer resides. It appears that both copies of the grievances filed with the Court were actually grievance forms from his current location which he completed and mailed to Silverdale approximately six months after the alleged incident. In the attachment to his complaint plaintiff states:

> 2. Plaintiff has filed numerous greivances (sic) against the officer. The defendants have denied plaintiff administrative due process. The defendants have responded twice to palintff's (sic) attemps (sic) to exhust (sic) administrative remeadies (sic). Exibit's (sic) 1,2. Upon fileing(sic) plaintiff's last greivance (sic) the defendants acknowledge plaintiff's greivance (sic) and state a internal investigation is being completed.

[Court File No. 4, p. 2].

Such a claim fails to satisfy the requirement that "a prisoner must plead his claims with specificity and show that they have been exhausted[.]" *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Moreover, in his complaint signed under penalty of perjury, there is no allegation that he timely filed a grievance at Silverdale on March 6, 2005. Furthermore, his complaint does not contain allegations as to the subject matter of his alleged March 6, 2005 grievance or allegations that the claims have been exhausted as to each defendant associated with the claim contained in his § 1983 complaint.

5

The two grievances plaintiff filed with his § 1983 complaint refer to a grievance he asserts he filed a few days after the alleged incident; however, plaintiff has failed to file the copy of the grievance he claims he initially filed a few days after the alleged incident. The reference to the initial grievance in the two grievances he has filed with the Court is an allegation that he filed a grievance about this incident on March 6, 2005, and never received a response. This allegation does not satisfy plaintiff's burden to describe with specificity the administrative proceeding and its outcome. There is nothing in the two grievances reflecting the grievance procedure he followed, to whom he gave the initial completed grievance form, or the specific content of the claims and identity of the parties in the initial grievance.

Although plaintiff's § 1983 complaint alleges the defendants knowingly and willingly failed to follow their training and standard policy and procedure, there is nothing in the record reflecting this claim was addressed in plaintiff's initial grievance. Plaintiff's complaint raises official misconduct and official oppression claims in addition to his Eighth and Fourteenth Amendment claims [Court File No. 4]. Apart from his factually unsupported conclusion contained in the grievance he filed with his complaint that he "already filed a grievance on this incident on March 6th, 2005, but was never responded to[,]" [Court File No. 4, Exhibit 1], there is absolutely no evidence demonstrating plaintiff has exhausted his administrative remedies by presenting all the facts underlying his § 1983 claims to the jail authorities.[3]

Plaintiff does not make any specific allegations as to the subject matter of the grievance he allegedly filed on March 6, 2005, four days after the alleged incident, nor does he identify to whom

---

[3] The two grievances before the Court were untimely because they were filed more than seven days after the alleged incident [Court File No. 4, Exhibit 1]. The grievances plaintiff filed with his complaint were filed approximately six months after the alleged incident.

he gave the grievance.  Moreover, he has failed to demonstrate he exhausted the claim as to each defendant he has named in his § 1983 complaint.  *See Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003) ("[A] prisoner must administratively exhaust his or her claim as to each defendant associated with the claim[.]" *citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)); Curry *v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (a claim must be exhausted as to each defendant associated with the claim).  "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*."  *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

    Roberson's failure to provide documentation of the grievance or, in the absence of written documentation, his lack of describing with specificity the claims and parties he identified in his initial grievance, is fatal to his claim that he timely filed a grievance.  Roberson has failed to bear his burden of showing exhaustion as to each of his constitutional claims and as to each defendant associated with his § 1983 complaint.

    Accordingly, Roberson's complaint will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because Roberson failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).  28 U.S.C. § 1915(e).

    A judgment will enter.

                                      */s/ R. Allan Edgar*
                                      R. ALLAN EDGAR
                            UNITED STATES DISTRICT JUDGE